UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI A. SCHWENDIMANN, et al.

        Plaintiffs,

                                               Civil Case No. 19-10525
v.                                          Honorable Linda V. Parker

STAHL'S, INC.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**

This is a patent infringement action involving heat transfer sheets used to transfer a printed image from the sheet to a substrate, such as a dark textile or fabric. Plaintiffs filed a motion to compel in which they sought discovery relevant to the composition of Defendant's accused products, including microscopy photographs of six of the nine accused products. (ECF No. 31.) Defendant's outside consulting technical expert took the photographs after the commencement of this litigation, at the direction of counsel. (*See* ECF No. 35 at Pg ID 3499; ECF No. 42 at Pg ID 3811-12.)

This Court referred Plaintiffs' motion to compel to Magistrate Judge R. Steven Whalen. On March 17, 2020, Magistrate Judge Whalen granted in part and denied in part Plaintiffs' motion, ordering Defendant to produce the microscopy

photographs.[1]  (ECF Nos. 41, 42.)  Magistrate Judge Whalen concluded that the photographs are "facts" and "not fact work product" because "[t]hey don't in and of themselves suggest or imply or indicate any inquiry that might be considered strategic opinion or anything else."  (ECF No. 42 at Pg ID 3820-21.)

Defendant filed objections to that decision.  (ECF No. 44.)  Plaintiffs responded to Defendant's objections (ECF No. 45), and Defendant filed a reply brief (ECF No. 46).

## Standard of Review

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently.  *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985).  Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction

---

[1] Magistrate Judge Whalen denied Plaintiffs' request for the narrative observations of Plaintiffs' employee concerning the composition of the products.

2

that a mistake has been committed." *Id*. (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## Applicable Law and Analysis

Defendant argues that the magistrate judge's order requiring production of the microscopy photographs is contrary to Federal Rules of Civil Procedure 26(b)(3) and (4).

Rule 26(b)(3) provides in relevant part:

> (A) Documents and Tangible Things. Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Fed. R. Civ. P. 26(b)(3)(A). The rule restricts the disclosure of materials protected by the work-product rule (i.e. fact work product), as opposed to the attorney-client privilege (opinion work product). *See In re Perrigo Company*, 128 F.3d 430, 437 (6th Cir. 1997) (explaining the difference between the work-product rule and the attorney-client privilege). "The work-product rule … appl[ies] to documents,

3

records, reports, exhibits, and the like … created 'in anticipation of litigation.'" *Id.* "[O]pinions, testimony and/or statements of witnesses made to counsel in confidence, and certain memoranda would be subject to the attorney-client privilege." *Id.*

"A party asserting the work product privilege bears the burden of establishing that the documents he or she seeks to protect were prepared 'in anticipation of litigation.'" *United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) (quoting Fed. R. Civ. 26(b)(3)(A)) (citations omitted). In *Roxworthy*, the Sixth Circuit adopted "the 'because of' test as the standard for determining whether documents were prepared 'in anticipation of litigation.'" *Id.* at 593. A document was prepared "because of" litigation if (1) it "was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose," and (2) "that subjective anticipation of litigation was objectively reasonable." *Id.* at 594 (citation omitted). Whether documents "were in fact prepared in anticipation of litigation can only be determined from an examination of the documents themselves and the context in which they were prepared." *In re Prof. Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009) (citing *Roxworthy*, 457 F.3d at 595).

The protection Rule 26(b)(3) affords to work product is not limited to documents and tangible things prepared by attorneys, but includes materials

4

prepared by or for the party and the party's representative, as long as such documents were prepared in anticipation of litigation. *Graff v. Haverhill N. Coke Co.*, No. 1:09-cv-670, 2012 WL 5495514, at *3 (S.D. Ohio Nov. 13, 2012) (citing Fed. R. Civ. P. 26(b)(3)); *see also Eversole v. Butler Cnty. Sheriff's Office*, No. 1:99-cv-789, 2001 WL 1842461, at *2 (S.D. Ohio Aug.7, 2001) ("Rule 26(b)(3) is not limited solely to attorneys" and "documents and things prepared by the party or his agent fall within the work product rule.") (citing 8 Wright & Miller, Federal Practice & Procedure, § 2024). "[U]nderlying facts or data are not protected from disclosure under any privilege[,]" however. *West v. Lake State Ry. Co.*, 321 F.R.D. 566, 570 (E.D. Mich. 2017). "'Factual information gathered during an attorney's investigation of an incident is discoverable, even if the information became known solely through the attorney's efforts.'" *Id.* (quoting *Askew v. City of Memphis*, No. 14-cv-2080, 2015 WL 12030096, at *2 (W.D. Tenn. July 23, 2015)) (additional citations omitted).

Contrary to the magistrate judge's determination, the microscopy photographs are not simply "facts", they are "fact work product." The photographs are tangible things prepared only after this litigation began, to respond to Plaintiffs' infringement claims. *See Le v. Diligence, Inc.*, 312 F.R.D. 245, 247 (D. Mass. 2015) (concluding that photographs of the vessel on which the plaintiff was injured, taken two days after his injuries, and in anticipation of litigation, "meet the

5

work-product criteria of Rule 26(b)(3)); *Laws v. Stevens Transport Inc.*, No. 2:12-cv-544, 2013 WL 608046, at *3-4 (S.D. Ohio Feb. 19, 2013) (concluding that photographs taken on the day of an accident by investigator hired by counsel for the defendant were work product protected from disclosure under Rule 26(b)(3)); *Carnes v. Crete Carrier Corp.*, 244 F.R.D. 694, 699-700 & n.2 (N.D. Ga. 2007) (holding that the work product doctrine covered photographs of accident scene taken during attorney's investigation of accident, conducted in anticipation of litigation); *see also Chiquita Int'l Ltd. v. M/V Bolero Reefer*, No. 93 CIV 0167, 1994 WL 263603, at *1 (S.D.N.Y. June 7, 1994) (citing cases treating photographs as work product and basing their disclosure under Rule 26(b)(3) on whether the party showed a substantial need for the evidence). The photographs are not "underlying facts." *See, e.g., Askew*, 2015 WL 12030096, at *3 (concluding that the descriptions of the facts concerning an incident known by crime scene witnesses are not protected by the work product privilege); *see also Hickman v. Taylor*, 329 U.S. 495, 508 (1947) (information secured from a witness conveying the facts underlying the case is not privileged). Accordingly, the magistrate judge should have ordered Defendant to produce the microscopy photographs only if they were not otherwise discoverable under Rule 26(b)(1) and Plaintiffs showed that they had "substantial need for the materials to prepare [their] case" and

6

"cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3).

The Court assumes for purposes of Plaintiffs' motion to compel that they have a substantial need for the photographs. As Plaintiffs explain, they need the photographs because they have not been able to obtain product composition information from the manufacturers of the alleged infringing products.[2] This does not answer, however, whether Plaintiffs are able to obtain "their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). They can and, in fact, have done so.

Defendant provided Plaintiffs with specimens for eight of the twelve alleged accused products from which the microscopy photographs were generated.[3] Plaintiffs acknowledge that they generated their own microscopy photographs from those samples. (*See* ECF No. 42 at Pg ID 3808; *see also* ECF No. 31 at Pg ID 3329.) Thus, while Plaintiffs may demonstrate a substantial need for the

---

[2] Defendant does not manufacture the alleged infringing products. (*See* ECF No. 44 at Pg ID 3924.) It instead is a reseller of the products. (*Id.*) Defendant asserts that its "contribution to the accused products is cutting bulk rolls of the products into saleable units, and packaging, branding, marketing and selling them." (*Id.*)

[3] Defendant has maintained that it does not have possession, custody, or control of the remaining four products because it no longer sells them. (ECF No. 31 at Pg ID 3321.) Plaintiffs have indicated that they obtained the remaining product samples elsewhere. (*Id.*)

7

microscopy photographs, they fail to show that they "cannot … obtain their substantial equivalent by other means."

Defendant has not identified their outside consulting technical expert as a trial witness. Thus, the photographs are not otherwise discoverable pursuant to Rule 26(b)(4)(B).

For these reasons, the Court concludes that the magistrate judge erred as a matter of law when holding that the microscopy photographs are not protected from disclosure under Rule 26(b)(3). Defendant has not identified their outside consulting technical expert as a trial witness. Thus, the photographs are not otherwise discoverable pursuant to Rule 26(b)(4)(B).

Accordingly,

**IT IS ORDERED** that the magistrate judge's decision on Plaintiffs' motion to compel is **REVERSED** and the motion is **DENIED**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 12, 2020