UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODI A. SCHWENDIMANN,
f/k/a JODI A. DALVEY, and
NUCOAT, INC.,

       Plaintiffs,

                                 Civil Case No. 19-10525

v.                              Honorable Linda V. Parker

STAHL'S, INC.,

       Defendant.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STAY
PENDING INTER PARTES REVIEW PROCEEDINGS (ECF NO. 49) AND
DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR
LEAVE TO FILE SECOND SUPPLEMENTAL MARKMAN BRIEF (ECF
NO. 74)</u>**

This patent infringement action involves products customers use to transfer

images to clothing.  The matter is currently before the Court on Defendant Stahl,

Inc.'s motion to stay pending *Inter Partes* Review ("IPR") proceedings before the

Patent Trial and Appeal Board ("PTAB") of the United States Patent and

Trademark Office ("PTO").  The motion has been fully briefed (ECF Nos. 49, 52,

53), including recent supplemental filings updating the Court on the status of the

IPR proceedings (ECF Nos. 63, 66, 67).

**Background**

On February 21, 2019, Plaintiff Jodi A. Schwendimann initiated this action

against Defendant Stahl's, Inc. ("Stahl's").  In a Second Amended Complaint filed

November 21, 2019, which added NuCoat, Inc. as a Plaintiff, Schwendimann and

NuCoat (hereafter collectively "Plaintiffs") allege that products manufactured,

sold, and/or distributed by Stahl's infringe one or more claims of one or more of

Schwendimann's patents for which NuCoat holds the exclusive license.

Specifically, in its Second Amended Complaint, Plaintiffs allege direct

infringement of: (i) Claims 1-5, 11-12, 17, 19, 24 and 26 of U.S. Patent No.

7,749,581 ("the '581 Patent'"); (ii) Claims 6, 9, 13 and 14 of U.S. Patent No.

RE41,623 ("the '623 Reissue Patent'"); (iii) Claim 13 of U.S. Patent No. 7,766,475

("the '475 Patent'"); and, (iv) Claim 1 of U.S. Patent No. 7,771,554 ("the '554

Patent'").  Plaintiffs further allege that Stahl's induced or contributed to the

infringement of Claims 1-5 of the '623 Reissue Patent and Claims 16-19 of U.S.

Patent No. 7,754,042 ("the '042 Patent").

On the same day that Plaintiffs initiated the present matter, they initiated two

other patent infringement lawsuits in the District of Delaware.  One was filed

against Neenah, Inc. and Avery Products Corporation ("Neenah Defendants"), and

one was filed against Siser North America, Inc.  Those cases involve the same

patents as the current matter.

On February 24, 2020, Stahl's filed five IPR petitions asserting the invalidity of the '623 Patent, the '581 Patent, or the '042 Patent.  A day later, the Neenah Defendants filed four IPR petitions asserting that every claim is invalid in the '623 Patent, the '042 Patent, the '581 Patent, or the '554 Patent.  A fifth IPR petition was filed by the Neenah Defendants on May 7, 2020, addressing the validity of every claim in the '475 Patent.  Lastly, Stahl's filed two additional IPR petitions with regarded to the validity of all of the asserted claims in the '554 Patent or the '475 Patent.

As of November 11, 2020, the PTAB had granted eight of the twelve petitions and instituted trials against the following: (i) all nine asserted claims of the '623 Patent; (ii) all eleven asserted claims of the '581 Patent; (iii) all three asserted claims of the '042 Patent; and (iv) claims 1-13 of the '475 Patent.[1]  (*See* ECF Nos. 63, 67.)  The PTAB had not issued decisions as to the remaining two IPRs, one involving the '554 Patent and the other involving the '475 Patent.  (ECF No. 67.)  By statute, the PTAB is required to issue a final determination in each

---

[1] As to the first three decisions, Plaintiffs point out that the PTAB determined that, of the 41 asserted grounds of unpatentability, the petitioners had not demonstrated a likelihood of success with respect to 23 grounds.  (ECF Nos. 66 at Pg ID 8005 (citing ECF Nos. 63-4 to 63-10.)  Further, with respect to the eight asserted primary references, the PTAB found that the petitioners had not demonstrated a likelihood of success with respect to five.  (ECF No. 66-4.)

IPR trial within one year from the date of the institution decision.  35 U.S.C.

§ 316(a)(11).

In the meantime, the parties in the current action have engaged in some discovery.  Additionally, Plaintiffs served their Infringement Contentions (ECF Nos. 21, 36) and Stahl's served its Non-Infringement Contentions (ECF Nos. 29, 43) and Invalidity Contentions (ECF No. 30).  Claim construction proceedings have moved forward in accordance with the Court's scheduling order, which has been modified three times by stipulation of the parties.  (*See* ECF Nos. 17, 20, 39, 48.)  A technology tutorial was held on March 3, 2020, and claim construction briefs have been filed.  Stahl's has moved to file a second supplemental claim construction brief (ECF No. 74), which has been fully briefed (ECF Nos. 77, 78) and remains pending before the Court.  At the parties' request, the date of the claim construction hearing has been adjourned several times and is now scheduled for February 9, 2021.  The deadlines for expert discovery and dispositive motions and a trial date have not been set.  (*See* ECF No. 48.)

## Applicable Law

Any person may request a reexamination of a patent's eligibility based on the existence of "prior art consisting of patents or printed publications which that person believes to have a bearing on the patentability of any claim of a particular patent[.]"  35 U.S.C. §§ 301 and 302.  Within three months of the request, the PTO

must determine "whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request, with or without consideration of other patents or printed publications." *Id.* § 303(a).  If granted, reexamination may result in an order cancelling the patent as unpatentable, confirming the patent, or amending the patent.  *Id*. § 307.

Courts have the inherent and discretionary authority to stay litigation pending the reexamination proceedings.  *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their docket and stay proceedings . . . including the authority to order a stay pending conclusions of a PTO reexamination.") (internal citations omitted).  Courts routinely exercise this discretion and grant motions to stay litigation pending the outcome of PTO reexamination proceedings.  *See, e.g., Softview Computer Prods. Corp. v. Haworth, Inc.*, 56 U.S.P.Q.2d 1633, 1625 (S.D.N.Y. 2000) (citing cases).  This is due to the numerous advantages of staying district court proceedings pending the completion of the reexamination process, including the narrowing or elimination of issues, the alleviation of discovery problems relating to prior art, the encouragement of settlement, initial consideration of issues by the PTO with its particular expertise, and reduction of costs for the parties and the court.  *See, e.g., Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.*, 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003) (citing *Emhart Indus. v. Sankyo Seiki*

5

*Mfg. Co.*, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987)); *Snyder Seed Corp. v. Scrypton Sys.*, 52 U.S.P.Q.2d 1221, 1223 (W.D.N.Y. 1999) ("One purpose of the reexamination procedure is to eliminate trial of the issue of patent claim validity (when the claim is canceled by the U.S. Patent and Trademark Office ("PTO")), or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding".).

In the Sixth Circuit, courts consider three factors when deciding whether to stay litigation pending reexamination of the patents-in-suit: "'(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.'"[2] *Regents of the Univ. of Mich. v. St. Jude Med., Inc.*, No. 12-12908, 2013 WL 2393340, at *2 (E.D. Mich. May 31, 2013) (quoting *Star Environtech, Inc. v. Redline Detection, LLC*, No. 12-01861, 2013 WL 1716068, at *1 (C.D. Cal. Apr. 3, 2013)). Despite the first factor, courts have granted stays even where discovery is complete and even when a trial date is scheduled and quickly approaching. *Ralph Gonnocci*, 68 U.S.P.Q.2d at 1757 (citations omitted).

---

[2] Although Plaintiffs cite *Regents of the University of Michigan* when listing the relevant factors, they misstate the first factor. (*See* ECF No. 52 at Pg ID 4102 (listing the first factor as "the stage of the litigation").) Every case this Court reviewed looks more specifically at whether discovery is complete and a trial date has been set.

**Analysis**

Most of Plaintiffs' response to Stahl's motion to stay is focused on

Plaintiffs' argument that the PTAB had not yet decided whether to institute any of

the IPR petitions.  (*See* ECF No. 52 at Pg ID 4104-13.)  As outlined above,

however, the PTAB has instituted most of the IPRs and has deemed the petitioners

likely to succeed on many of their challenges.  Plaintiffs acknowledge in their

argument that numerous courts grant stays after the PTAB has decided to institute

IPRs and that there is a "strong[]" case for a stay once post-grant review has been

instituted.  (*Id*. at Pg ID 4108-09 (citing cases).)

**Discovery & Trial**

This case is not in its infancy.  As Plaintiffs point out, there has been

significant discovery and filings by the parties.  Nevertheless, discovery is not

complete.  Depositions have not been taken and experts have not been identified.

*See Orbital Australia Pty. v. Daimler AG*, No. 15-cv-12398, 2015 WL 5439774, at

*4 (E.D. Mich. Sept. 15, 2015) (explaining that since "discovery is far from

complete as no depositions have been taken and no experts have been identified[,]"

and that "[n]o claim construction briefing has taken place and no Markman hearing

has been scheduled[,] … the current procedural posture of this case … favors a

stay").  While a *Markman* hearing has been scheduled in this case, it is likely to be

rescheduled in light of the continuing COVID-19 pandemic.  Furthermore, a trial date has not been set.

### Simplification of the Issues in Question & the Trial

The Court anticipates that the IPR proceedings will simplify the issues and trial in this case considering that all asserted claims in all five patents in issue are subject to PTAB review.  The outcome of the IPRs may resolve this case entirely. At a minimum, they will likely conserve judicial resources by simplifying the issues and reducing the number of asserted patents and/or claims.  If all the claims are reaffirmed, the Court still will be benefitted by the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims.

### Prejudice

Plaintiffs argue that they will be unduly prejudiced by a stay because "Defendant would be afforded a tactical advantage: a delay [in] a decision on the merits of Plaintiffs' infringement claims, allowing Defendant to reap the rewards of its theft and infringement for as long as possible."  (*Id.* at Pg ID 4115.)

As Stahl's indicates, however, the asserted patents have expired.  Therefore, Plaintiffs are not entitled to injunctive relief or future damages against Stahl's.  *See Orbital Australia Pty*, 2015 WL 5439774, at *3.  In other words, Plaintiffs cannot preclude Stahl's from continuing to sell products allegedly covered by the patents and compete with Plaintiffs in the marketplace.  Plaintiffs are seeking only

8

monetary damages for Stahl's alleged past infringement.  A stay pending the IPR proceedings will not prejudice Plaintiffs' eventual ability to seek complete relief, it will only delay it.  *See Magna Donnelly Corp. v. Pilkington N.A., Inc.*, No. 4:06-cv-126, 2007 WL 772891, at *5-6 (W.D. Mich. Mar. 12, 2007) (finding no prejudice as a result of a stay where the only injury to the plaintiffs are reparable—that is, monetary damages).

Plaintiffs also argue that Stahl's already obtained a tactical advantage by waiting until the last possible day to file the IPR petitions, thus delaying the proceedings by at least six months.  Plaintiffs never identify what specific advantage Stahl's has gained by the asserted delay, however.  In any event, Stahl's indicates that Plaintiffs are the cause for the greatest delay as they waited almost four years to file this lawsuit after becoming aware of the alleged infringement.  As reflected in their Second Amended Complaint, Plaintiffs notified Stahl's of the patents in April 2015.  Courts have found no prejudice resulting from a stay where the plaintiff waited years to file suit against the defendant.  *See, e.g., Integrated Sensing Sys., Inc. v. Abbott Labs.*, No. 19-10041, 2019 WL 3776947, at *4 (E.D. Mich. Aug. 12, 2019) (citing cases).

## Conclusion

As reflected above, the relevant factors weigh in favor of staying these proceedings pending the completion of the IPR proceedings.

Accordingly,

**IT IS ORDERED** that Stahl's motion to stay (ECF No. 49) is **GRANTED** and this matter is **STAYED** pending the completion of the IPR proceedings.

**IT IS FURTHER ORDERED** that the parties shall meet and confer after the IPR proceedings have concluded and then file a notice indicating (i) the results of those proceedings and (ii) their position or positions, to the extent agreement cannot be reached, as to how this litigation should proceed in light of the IPR decisions.

**IT IS FURTHER ORDERED** that Stahl's Motion for Leave to File a Second Supplemental *Markman* Brief (ECF No. 74) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 19, 2021

10